Alan J. Leiman (OSB No. 980746)
alan@leimanlaw.com
Drew G. Johnson (OSB No. 114289)
drew@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| **HEATH H. ALBERS**, <br><br>Plaintiff, <br><br>     v. <br><br>**RIDGETOP WIRELESS SOLUTIONS INC.**, an Oregon domestic business corporation; **RIDGETOP REAL ESTATE SOLUTIONS, LLC**, an Oregon domestic limited liability company; **BRADEN T. WHALEY**, individually, and; **JOSIAH THORP**, individually, <br><br>Defendants. | CASE NO.:  **6:19-cv-00364** <br><br>**FLSA MINIMUM WAGE AND OVERTIME COMPLAINT; OREGON WAGE AND HOUR LAWS**; <br>Fair Labor Standards Act 29 U.S.C. § 201 *et*. *seq*.; Oregon Wage and Hour Laws (ORS 652) <br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, HEATH H. ALBERS ("Albers", or "Plaintiff"), brings this Fair Labor Standards Act ("FLSA") action for violations of the FLSA and Oregon's Wage and Hour laws against Defendants, RIDGETOP WIRELESS SOLUTIONS, INC. ("Ridgetop Wireless"), RIDGETOP REAL ESTATE SOLUTIONS, LLC ("Ridgetop Real Estate"), BRADEN T. WHALEY ("Whaley"), and JOSIAH THORP ("Thorp") (hereinafter collectively, "Defendants"). Plaintiff makes his allegations based upon personal knowledge, information, and belief.

1 – Complaint

# INTRODUCTION

1. Plaintiff worked for Defendants from on or around October 3, 2016 until his employment was terminated by Defendants on or around April 18, 2018.

2. Plaintiff was hired by Defendants Thorp and Whaley to work for Defendant Ridgetop Wireless as a full-time, salaried employee with the job title "Project Manager".

3. During the entire term of his employment by Defendants, Plaintiff was paid a salary of $5,000 per month gross wages.

4. Sometime in on or around March 2017, Plaintiff began working for Defendant Ridgetop Real Estate, and for Defendants Thorp and Whaley, providing construction labor and managing construction on residential real estate renovations at properties owned by one or more of the Defendants.

5. During the period of time from March 2017 to April 2018 when Plaintiff was renovating properties for the benefit of Defendants, he was working as an employee of Defendants, and not as an independent contractor, or licensed general contractor.

6. At all times material to this Complaint, while working for Defendants Plaintiff was a nonexempt employee protected by the minimum wage and overtime provision of the FLSA and Oregon Wage and Hour Laws.

7. Plaintiff has not been properly compensated for the work he performed for Defendants.

8. At all times material to this Complaint, Plaintiff has not been paid overtime compensation for all hours worked over 40 hours in a workweek.

9. Plaintiff was promised a bonus for each residential renovation that he completed while working for Defendants. Defendant has been paid some but not all of the promised bonus compensation for the work he performed for Defendants.

10. At times material to this Complaint, Plaintiff was an employee of Defendants who each acted as joint employers of Plaintiff as defined by the FLSA and Oregon Wage and Hour Laws (ORS Chapter 652).

11. At times material to this complaint, Defendants suffered and permitted Plaintiff to work as their employee without paying him for all hours worked.

12. Defendants controlled the employment terms under which Plaintiff worked for Defendants. Defendants indirectly controlled the work Plaintiff performed for Defendants.

13. Plaintiff brings this action to recover his unpaid overtime compensation, liquidated damages, and penalties owed to him under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and Oregon Wage and Hour Laws, ORS Chapter 652 ("Oregon Wage and Hour Laws").

14. With this action, Plaintiff seeks compensatory and liquidated damages, penalties, attorney's fees, taxable costs of court, pre- and post-judgment interest and penalty wages, and other relief, pursuant to 29 U.S.C. § 216(b) and Oregon Wage and Hour Laws for Defendants' willful failure to pay wages including minimum wages, overtime wages and bonus compensation due to Plaintiff.

15. Plaintiff demands a jury trial on all issues that may be tried to a jury.

16. This action is authorized and instituted pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

## JURISDICTION AND VENUE

17. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce. Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

18.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in the District of Oregon.

## PARTIES

19.     Defendant Ridgetop Wireless Solutions Inc. is an Oregon domestic business corporation with its principal place of business in Albany, Linn County, Oregon.

20.     Defendant Ridgetop Real Estate Solutions, LLC is an Oregon domestic limited liability company.

21.     Defendant Braden T. Whaley, is an individual believed to be a resident of Linn County, Oregon and is identified on business registry documents filed with the Oregon Secretary of State as the President of Ridgetop Wireless, and as a Member of Ridgetop Real Estate Solutions, LLC.

22.     Defendant Josiah Thorp is an individual believed to be a resident of Linn County, Oregon and is identified on business registry documents filed with the Oregon Secretary of State as the Secretary of Ridgetop Wireless.

23.     Defendants are subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

24.     At all material times, Defendants operated an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because they had employees engaged in commerce. Based upon information and belief, the annual gross sales volume of Ridgetop Wireless and Ridgetop Real Estate were in excess of $500,000.00 per annum at all times material hereto.  Alternatively, the Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

25.     At all material times, Defendants each have been employers within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d), and collectively Defendants have been joint employers as defined in 29 C.F.R §791.2 because Defendants directly or indirectly acted in the interest of an

employer toward the Plaintiff including, without limitation, directly or indirectly controlling all employment terms and working conditions of Plaintiff.

26. Plaintiff Heath H. Albers currently resides in Benton County, Oregon.

## FACTS

27. From on or around October 3, 2016 until on or around March 3, 2017 Plaintiff performed work for the benefit of Defendant Ridgetop Wireless at the direction of Defendants Thorp and Whaley related to Ridgetop Wireless' business of constructing infrastructure for the cellular communications industry.

28. During the approximately 22-week period that Plaintiff's work benefitted Ridgetop Wireless, Plaintiff routinely worked in excess of 40 hours per seven-day workweek and Plaintiff was not paid overtime. Plaintiff estimates that he routinely worked 55 hours per week during this period.

29. From on or around March 3, 2017 until on or around April 18, 2018, Plaintiff performed work for the benefit of Defendants Ridgetop Real Estate, Thorp, and Whaley at a total of seven residential real estate projects that had been purchased by one or more of the Defendants, and which were being renovated by Defendants in preparation for resale.

30. During the approximately 56-week period that Plaintiff's work benefitted Ridgetop Real Estate and Defendants Thorp and Whaley, Plaintiff routinely worked in excess of 40 hours per seven-day workweek and was not paid overtime. Plaintiff estimates that during this period he routinely worked 20 to 25 hours of overtime per week .

31. At all times material, Plaintiff performed non-exempt construction labor for the benefit of Defendants on a daily basis at each of the residential renovation projects that Defendants employed him to work on and manage.

32. Plaintiff also managed the renovation projects under the direct and indirect control of Defendants. As an employee of the property owners, Plaintiff was allowed discretion in the day-to-day performance of his work, but it was Defendants who determined the scope of the work, and who were responsible for paying for all labor and materials furnished at the residential renovations that Plaintiff worked on and managed for Defendants.

33. The seven residential construction projects that Defendants employed Plaintiff to complete were performed under the rules applicable to "owner" managed construction projects in that no general contractor was employed.

34. Defendants also promised to pay Plaintiff certain bonuses based on the resale prices of the properties being renovated, but only paid Plaintiff some but not all of the promised bonuses.

35. As a condition of his employment, Plaintiff was required by Defendants to use his personal vehicle, which weighed less than 10,001 pounds gross vehicle weight, and dump trailer, to drive between work locations and various parts and material suppliers to purchase, transport, and deliver materials for Defendants.

36. At times material to this Complaint, as a condition of his employment, Plaintiff was required by Defendants to pay all fuel, automobile insurance, and maintenance expenses related to the operation of his personal vehicle for the benefit of Defendants without complete reimbursement for these automobile related expenses.

37. At times material to this Complaint, while working for Defendants Plaintiff used his personal tools and workshop to perform work and fabricate items for the benefit of Defendants without reimbursement for the use of his personal tools and workshop.

38. At times material to this Complaint, while working for Defendants Plaintiff used his personal cell phone to perform work for the benefit of Defendants without complete reimbursement for the use of his personal cell phone.

39. At times material to this Complaint, Defendants failed to compensate Plaintiff for all hours worked, and failed to pay overtime compensation even though Plaintiff worked full-time for Defendants and routinely earned overtime by working in excess of 40 hours in a workweek.

40. Defendants promised Plaintiff bonus pay for completed construction projects but failed to pay Plaintiff all of the promised bonuses and did not factor bonus pay into an overtime rate computation as required by the FLSA.

41. At all times material to this Complaint, Defendants willfully failed to compute Plaintiff's correct regular rate of pay for purposes of determining the amount of overtime compensation due to Plaintiff.

42. At all times material to this Complaint, Defendants willfully failed to comply with Oregon and federal wage and hour laws with respect to recordkeeping and the payment of overtime, bonuses, and reimbursement for mileage and expenses incurred by the employee for the employer's benefit.

43. During his employment, Plaintiff provided a direct economic benefit, or kickback, to Defendants as a condition of his employment by: 1) using his personal vehicle and dump trailer, while also paying for vehicle maintenance and operating expenses; 2) using his personal tools and workshop, while also paying for the maintenance and upkeep of his tools and workshop: 3) using his personal cell phone, while also paying for and using his personal cellular data services; all for the direct benefit of the Defendants.

44. At times material to this Complaint, Defendants enjoyed cost-saving kickbacks from Plaintiff because Plaintiff used his personal vehicle, dump trailer, tools, workshop and cell phone for the direct benefit of Defendants without complete reimbursement for the use of these items.

45. At times material to this Complaint, Defendants failed to reimburse or compensate Plaintiff for the use of his vehicle, dump trailer, tools, workshop and personal communications

devices and service, which were paid for by Plaintiff but used for Defendants' benefit while Plaintiff was performing work for Defendants. As a result of being required to pay kickbacks to Defendants, any compensation received by Plaintiff's was reduced.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage and Overtime Violations - 29 U.S.C § 207)

46. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 45 above.

47. At all times material to this Complaint, Plaintiff performed duties for the benefit of, and on behalf of the Defendants, under employment terms and conditions set by Defendants.

48. At all times material to this Complaint, Defendants were required to pay Plaintiff in accordance with the overtime provisions of the FLSA.

49. At all times material, Defendants did not keep the required records of hours worked by Plaintiff.

50. At all times material to this Complaint, Defendants were required to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked over 40 in a workweek.

51. At all times material to this Complaint, Defendants did not compute a regular rate of pay for Plaintiff by adding together his earnings for a workweek and dividing that sum by the total hours worked as required by 29 C.F.R. §778.111.

52. At times material to this Complaint, Defendants did not account for the mileage and cellphone expenses incurred by Plaintiff for Defendants' benefit when computing his rates of pay.

53.     At all times material to this Complaint, Defendants have not paid Plaintiff the correct amount of overtime pay at a rate equal to one and one-half times his regular rate of pay for workweeks in which he worked in excess of 40 hours in violation of 29 U.S.C. § 207.

54.     At all times material to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiff performed services and labor for Defendants for which Defendants failed to track hours worked, failed to compute a regular rate of pay, and failed to pay Plaintiff overtime.

55.     Plaintiff is entitled to liquidated damages for Defendants' willful failure to pay minimum wage and the correct amount of overtime compensation earned.

56.     Plaintiff bring this action individually against Defendants jointly and severally, seeking overtime compensation, liquidated damages, pre-judgment interest, costs, and attorneys' fees arising from the law violations set forth herein.

57.     Defendants' failure to pay Plaintiff all overtime earned resulted from the Defendants' willful act of knowingly failing to properly compensate Plaintiff for all hours worked when Plaintiff was an employed as a non-exempt employee subject to the overtime protections of the FLSA.

58.     By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages and has also incurred costs and reasonable attorneys' fees.

59.     By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiff is entitled to a three-year FLSA Statute of Limitations.

## SECOND CLAIM FOR RELIEF
### (Oregon Wage and Hour Law Violations)

60.     Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 45 above.

61.     Defendants, jointly and severally, violated ORS 652 when they: 1) failed to pay Plaintiff for all hours worked; 2) failed to pay Plaintiff overtime compensation earned; 3) failed to pay Plaintiff all promised bonus compensation; 4) failed to reimburse Plaintiff for business related expenses paid by Plaintiff on behalf of Defendants; 5) failed to pay Plaintiff all wages due and owing on a regular payday; and, 6) failed to pay Plaintiff all wages due upon termination of Plaintiff's employment.

62.     Plaintiff has been damaged by Defendants' violations of Oregon Wage and Hour Laws and is entitled to his actual damages and penalty wages pursuant to ORS 652.150, plus pre-judgment interest, in amounts to be determined by the jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully ask the Court to grant the following relief against Defendants jointly and severally:

1. On the First Claim for Relief, award Plaintiff his actual damages for unpaid overtime compensation in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay overtime pursuant to the FLSA.

2. On the Second Claim for Relief, award Plaintiff his actual damages for violations of Oregon Wage and Hour Laws, his unpaid bonus compensation, and penalty wages calculated according to ORS 652.150, in amounts to be determined by the jury.

3. Award Plaintiff his reasonable attorney fees and costs;

4. Award Plaintiff his pre-judgment and post-judgment interest; and

5.  Award Plaintiff any and all such other legal and equitable relief as this Court deems just and proper.

DATED the 10th day of March, 2019

                                      Respectfully submitted,

                                      ___/s Alan J. Leiman_____
                                      Alan J. Leiman
                                      E-mail: alan@leimanlaw.com
                                      Oregon State Bar No.: 98074
                                      44 W. Broadway, Suite 326
                                      Eugene, OR  97401
                                      Telephone: (541) 345-2376
                                      Facsimile: (541) 345-2377
                                      Of Attorneys for Plaintiff

                                      ___/s Drew G. Johnson_____
                                      Drew G. Johnson
                                      E-mail: drew@leimanlaw.com
                                      Oregon State Bar No.: 114289
                                      44 W. Broadway, Suite 326
                                      Eugene, OR  97401
                                      Telephone: (541) 345-2376
                                      Facsimile: (541) 345-2377
                                      Of Attorneys for Plaintiff